IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSE M. SKINNER and MANUEL E. SKINNER JR.** § § § | | **PLAINTIFFS** |
| v. § § | **CIVIL NO.: 1:13cv314-HSO-RHW** | |
| **JOHN BORDAGES JR., CRAIG SHOWS, JOHN HAWKINS, MARY FORETICH, TERRY DAVIS, KEITH DAVIS, CARLO ROBOTTI, BRIAN MACCARTHY, TOM DEICHMANN, BURNELL DEDEAUX, LUIS HAWKINS, CHARLES BRANDON MOORE, KARL WINTER, GPCH-GP, INC., JOHN B. METCALF, ROBERT HILLIER, TOM WHEELER, ROY HUGH FLEMING, and JOHN/JANE DOES 1-4** § § § § § § § § § § § § § § § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR CONTINUANCE TO CONDUCT DISCOVERY, DENYING PLAINTIFFS' MOTION FOR DISCOVERY ON GPCH-GP, INC., DENYING PLAINTIFFS' [SECOND] MOTION FOR CONTINUANCE TO CONDUCT DISCOVERY, GRANTING GPCH-GP, INC.'S MOTION TO DISMISS, DENYING AS MOOT GPCH-GP, INC.'S MOTION FOR PROTECTIVE ORDER, AND DENYING AS MOOT GPCH-GP, INC.'S MOTION TO STRIKE PLAINTIFFS' RACKETEER INFLUENCED CORRUPT ORGANIZATION ACT STATEMENT**

BEFORE THE COURT is Defendant GPCH-GP, Inc.'s Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [22]. Plaintiffs Jesse M. Skinner and Manuel E. Skinner Jr. have filed a Response [31], and GPCH-GP, Inc., has filed a Reply [35]. Also before the Court is Plaintiffs' Motion for Continuance to Conduct Discovery [32], Plaintiffs' Motion for Discovery on GPCH-GP, Inc. [33], Plaintiffs' [Second] Motion for Continuance to Conduct Discovery [34], GPCH-GP, Inc.'s Motion for Protective Order [39], and GPCH-GP, Inc.'s Motion to Strike Plaintiffs'

1

Racketeer Influenced Corrupt Organization Act Statement [68]. Having considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that Plaintiffs' Motion for Continuance to Conduct Discovery [32] should be denied, Plaintiffs' Motion for Discovery on GPCH-GP, Inc. [33] should be denied, and Plaintiffs' [Second] Motion for Continuance to Conduct Discovery [34] should be denied. The Court further finds that GPCH-GP, Inc.'s Motion to Dismiss [22] should be granted, and Plaintiffs' claims against GPCH-GP, Inc. should be dismissed with prejudice. GPCH-GP, Inc.'s Motion for Protective Order [39] and Motion to Strike the Racketeer Influenced and Corrupt Organization Act Statement [68] should both be denied as moot.

## I. BACKGROUND

On July 2, 2002, Defendants John Bordages Jr. ("Bordages") and Craig Shows ("Shows"), police officers assigned to a drug enforcement task force, were part of a team of law enforcement personnel (collectively referred to as "Defendants") executing a "no-knock" search warrant at a residential trailer located on real property belonging to Plaintiff Jesse M. Skinner ("Jesse Skinner"). Compl. 15 [1]. Jesse Skinner had previously rigged a trap inside the entrance to the trailer by which a shotgun would discharge upon a breach of the trailer's door. *Id*. at 16. During the search, Defendants breached the door causing the shotgun to discharge in their direction. *Id*. Bordages and Shows claim that they were struck and injured by pellets from the shotgun. *Id*. at 16, 19.

Jesse Skinner was subsequently charged with and convicted of, among other crimes, assault pursuant to 18 U.S.C. §§ 111(a)(1) and 111(b). *Id*. at vi; Order 7-8, July 14, 2009, Case No. 1:02cr93-DCB-JMR-1 [181]. Photographs of the injuries sustained by Bordages and Shows as a result of the shotgun blast were introduced as evidence at Jesse Skinner's criminal trial, which was held from May 27, 2003, through June 6, 2003. Ex. "A" attached to Mot. to Dismiss and/or, in the Alternative, Mot. for Summ. J. [22-1]; Minute Entry June 12, 2003, Case No. 1:02cr93-DCB-JMR-1.

On August 1, 2013, Plaintiffs filed the present Complaint.[1] Compl. [1]. As to GPCH-GP, Plaintiffs advance a claim of conspiracy and also attempt to state a claim under the Racketeer Influenced Corrupt Organization Act, 18 U.S.C. §§ 1961-1968 ("RICO"). Compl. 7-27 [1]. Plaintiffs did not include the RICO Statement required by Local Uniform Civil Rule 83.8. L. U. Civ. R. 83.8(a). Plaintiffs did reference matters of "public record" from Criminal Case Number 1:02-cr-93-DCB-JMR-1 as shedding "critical light" on Jesse Skinner's arrest and conviction.[2] *Id*. at vi.

---

[1] On June 8, 2012, Plaintiffs sued GPCH-GP, Bordages, and Shows asserting that Bordages and Shows did not actually sustain any injuries from the discharge of the shotgun. Compl. 1 [1], Civ. No. 1:12cv178-HSO-RHW. GPCH-GP sought dismissal of that case, and Plaintiffs unsuccessfully sought to amend the complaint to add a conspiracy claim. Mot. to Amend/Correct Compl. 3-5 [19]; Order 3-4, July 23, 2013 [41], Civ. No. 1:12cv178-HSO-RHW. Shortly after being denied leave to amend, Plaintiffs voluntarily dismissed case number 1:12cv178-HSO-RHW on August 1, 2013. Notice of Voluntary Dismissal 1 [43], Civ. No. 1:12cv178-HSO-RHW.

[2] Plaintiffs also attach to the Complaint the Affidavit of Jesse Skinner, which again references the "Public Record in United States v. Skinner, No. 1:02-cr-93 . . . " and appears to incorporate "admissions" made by Jesse Skinner in that criminal case. Aff. of Jesse Skinner 1 [1-2]. In seeking dismissal of Plaintiffs' claims, GPCH-GP has attached an Order [22-3] contained in that public record.

GPCH-GP now moves to dismiss Plaintiffs' Complaint asserting that Plaintiffs' conspiracy claim is barred by the applicable statute of limitations.[3] Mem. Br. in Supp. of Mot. to Dismiss and/or, in the Alternative, Mot. for Summ. J. 4-6 [23] ("Motion to Dismiss").  GPCH-GP also maintains that Plaintiffs have failed to state a claim upon which relief can be granted as to their conspiracy and RICO claims. *Id*. at 6-8.  In their response [31], Plaintiffs argue that the "separate accrual" rule operates to toll the statute of limitations applicable to their RICO claim.  Pls. Objections to Def.'s Mot. to Dismiss and/or, in the Alternative, Mot. for Summ. J. 3-7 [31].  Plaintiffs also appear to contend that GPCH-GP's decision to seek dismissal of the complaint in an earlier civil action instituted by Plaintiffs constitutes a refusal to answer that complaint and leads to the "inescapable logical conclusion" that Bordages' and Shows' wounds and treatment were fabricated.  *Id*. at 7-9. Plaintiffs also claim that they need additional discovery in order to present facts "essential to justify opposition to" GPCH-GP's Motion [22].  *Id*. at 10.

Subsequent to the filing of GPCH-GP's Motion to Dismiss, Plaintiffs filed a Motion seeking relief under Rule 56(d) of the Federal Rules of Civil Procedure.  Pls.' Mot. for a Continuance for Discovery on Def. GPCH-GP, Inc. ("Motion for Discovery") 1-2 [32].[4]  Plaintiffs seek discovery into various matters including the

---

[3] Although GPCH-GP's Motion [22] was styled as a "Motion to Dismiss and/or, in the Alternative, Motion for Summary Judgment," the Court will treat the Motion as one to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

[4] In addition to their Motion for a Continuance for Discovery on Defendant GPCH-GP, Inc. [32], Plaintiffs filed a Motion for Discovery on Defendant GPCH-GP, Inc. [33], but this document appears to simply contain the discovery requests Plaintiffs wish to serve upon GPCH-GP.  To the extent it can be construed as a separate request for relief, Plaintiffs' Motion for Discovery on Defendant

4

identities of all personnel who provided treatment to Bordages or Shows, medical and billing records related to all treatment provided to Bordages or Shows, and communications referencing either Bordages or Shows. *Id.* at 2-8 [32]. In Response [36], GPCH-GP argues that discovery is unnecessary because it seeks dismissal of Plaintiffs' conspiracy and RICO claims on the basis that those claims are time-barred. Resp. to Pls.' Mot. for Discovery 1-3 [36].

In addition to filing this Response, GPCH-GP also filed a Motion for Protective Order [39] which requests that the Court prohibit Plaintiffs from obtaining discovery from GPCH-GP in light of the pending Motion to Dismiss [22]. Mem. in Support of Mot. for Protective Order 2-3 [40]. Plaintiffs respond that neither of their claims are time-barred and that the discovery they seek is necessary to their opposition to GPCH-GP's Motion to Dismiss. Object. to GPCH-GP, Inc.'s Mot. for Protective Order 2-4 [56].

Over one year after filing the Complaint, Plaintiffs attempted to file the required RICO Statement [67]. Plaintiffs' RICO Statement contains various statements of the law related to RICO claims and appears to reiterate the contention that Plaintiffs need to conduct discovery to respond to GPCH-GP's Motion to Dismiss. RICO Statement 1-5 [67]. GPCH-GP has moved to strike [68] the RICO Statement on the basis it is untimely and substantively deficient. Mem. in Supp. of Mot. to Strike 2-4 [69]. Plaintiffs counter that GPCH-GP failed to report to the Gulfport Police Department or Harrison County Sheriff the fact that it

---

GPCH-GP, Inc. [33] will be denied. Plaintiffs also filed a second Motion for Continuance [34], but this document is identical to their previous Motion for a Continuance [32] and will also be denied.

treated Bordages and Shows for gunshot wounds.  Pls.' [Resp.] to Def. GPCH-GP's Mot. to Strike RICO Statement 2-3 [70].  Plaintiffs also seem to argue that GPCH-GP, Bordages, Shows, and other Defendants violated various federal statutes related to obstruction of justice, withholding of records, and conspiracy.  *Id.* at 5.

## II. DISCUSSION

A.   Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  To state a claim that is facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[T]he mere presence of additional issues in the record" does not require the Court to treat a motion to dismiss pursuant to Rule 12(b)(6) as one for summary judgment. *Britton v. Seale*, 81 F.3d 602, 605 n.1 (5th Cir. 1996) (citation omitted). GPCH-GP has attached matters of public record to its Motion to Dismiss, and the Court may consider such matters in resolving a motion to dismiss. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating that courts may consider "matters of which a court may take judicial notice" when reviewing a motion to dismiss pursuant to Rule 12(b)(6)) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (noting "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record") (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

B. Analysis

   1. Plaintiffs' Motions for Discovery [32] [33] [34]

Plaintiffs' requests for discovery related to GPCH-GP's Motion to Dismiss suffer from multiple flaws, each of which are fatal. "[A Rule] 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits." *Ferrer v. Chevron Corp.*, 484 F.3d 776,

782 (5th Cir. 2007). The Court's decision to treat GPCH-GP's Motion as one made pursuant to Rule 12(b)(6) renders Plaintiffs' requests for discovery irrelevant and therefore moot. *Holland v. City of Jackson, Miss.*, No. 3:12-cv-472-DPJ-FKB, 2013 WL 4039389, at *2 (S.D. Miss. Aug. 7, 2013). Finally, district courts may preclude discovery where nothing that the party seeking discovery "could have learned through discovery could have affected the resolution of the [Rule] 12(b)(6) motion." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

The Court is of the view that even if Plaintiffs could establish that they are entitled to obtain discovery to oppose GPCH-GP's Motion to Dismiss, the discovery Plaintiffs seek is not necessary to the issues presented by GPCH-GP's Motion to Dismiss. Because GPCH-GP seeks dismissal pursuant to Rule 12(b)(6), the Court's focus is on the allegations contained in the Complaint rather than on the sufficiency of any evidence. *Ferrer*, 484 F.3d at 782. This is accentuated by the fact that one of the two grounds upon which GPCH-GP seeks dismissal of Plaintiffs' conspiracy and RICO claims is that Plaintiffs have failed to state a claim for either conspiracy or a RICO violation. Mem. Br. in Supp. of Mot. to Dismiss and/or, in the Alternative, Mot. for Summ. J. 6-8 [23]. GPCH-GP also reasons that Plaintiffs' conspiracy and RICO claims are barred by the applicable statutes of limitation based on the undisputed fact that the events giving rise to the injuries and treatment of Bordages and Shows occurred in July 2002, a fact which Plaintiffs acknowledge in their Complaint. *Id*. at 4-6. The discovery Plaintiffs seek appears directed to the substance of their conspiracy and RICO claims and is not calculated to produce facts

needed to respond to the issues raised by the Motion to Dismiss. *See* Pls.' Mot. for Continuance for Discovery 2-8 [32]. Plaintiffs' Motions for Discovery [32] [33] [34] will be denied.[5]

## 2. GPCH-GP's Motion to Dismiss

### a. Plaintiffs' Conspiracy Claim

Plaintiffs allege that in July 2002, Bordages and Shows claim they were injured when a shotgun trap constructed by Jesse Skinner discharged while Defendants attempted to execute a search warrant on premises owned by Jesse Skinner. Compl. 16-20 [1]. Plaintiffs contend that Bordages, Shows, GPCH-GP, and other Defendants entered into a conspiracy to conceal the fact that neither Bordages nor Shows were actually injured by the shotgun trap, which Jesse Skinner admits that he constructed and which Plaintiffs concede did in fact discharge. *Id.* at 16-19. Plaintiffs further claim that Jesse Skinner was deprived of various constitutional rights when he "was convicted of various drug and assault charges" in Case Number 1:02-cr-93. *Id.* at vi, 15-16, 19-20.

The relevant statute of limitations for Plaintiffs' conspiracy claim is three years from the date that the cause of action accrued. *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1200 (Miss. 2001) (citing Miss. Code Ann. § 15-1-49). "[A] 'cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested . . . .'" *Angle v. Koppers, Inc.*, 42 So. 3d 1, 7 (Miss. 2010) (quoting *Owens-Illinois, Inc. v. Edwards*, 573 So. 2d 704, 706

---

[5] As a consequence of the Court's decision to deny Plaintiffs' Motion for Discovery [32], GPCH-GP's Motion for Protective Order [39] will be denied as moot.

9

(Miss. 1990)) (punctuation omitted). To the extent a cause of action involves a "latent" injury, the cause of action accrues upon the "discovery of the injury, not [the] discovery of its cause." *Barnes ex rel. Estate of Barnes v. Koppers, Inc.*, 534 F.3d 357, 360 (5th Cir. 2008).

The injuries of which Plaintiffs complain occurred in July 2002 when the purportedly illegal search took place, and in June 2003, when Jesse Skinner was convicted of various felonies including assault with a deadly weapon. Compl. 13-25; Jury Verdict June 9, 2003 [102], Case No. 1:02-cr-93-DCB-JMR-1; Order on Mot. to Vacate 8-9 [181], Case No. 1:02-cr-93-DCB-JMR-1. During Jesse Skinner's criminal trial, photographs purporting to depict the injuries suffered by Bordages and Shows were admitted into evidence. List of Exs. (Ex. "G-6A", Ex. "G-7A") [191], Case No. 1:02-cr-93-DCB-JMR-1. Thus, Plaintiffs were aware of any purported "injury" they may have suffered, and any conspiracy claim began to accrue, on June 9, 2003, at the latest, the date on which Jesse Skinner was convicted of assault as a result of the conspiracy he alleges arose out of Bordages' and Shows' "feigned" injuries. *Wells*, 819 So. 2d at 1200 (citing Miss. Code Ann. § 15-1-49). Having filed the Complaint over ten years later on August 1, 2013, Plaintiffs' conspiracy claim is clearly barred by the three year statute of limitations.

To the extent Plaintiffs assert that the conspiracy is ongoing due to GPCH-GP's refusal to release Bordages' and Shows' medical records, Plaintiffs' arguments are misplaced. Whether or not Bordages and Shows were actually injured by pellets from the shotgun trap is irrelevant because Jesse Skinner was convicted of assault

with a deadly weapon in violation of 18 U.S.C. §§ 111(a)(1) and -111(b).  Order on Mot. to Vacate 8-9 [181], Case No. 1:02-cr-93-DCB-JMR-1.  Rather than requiring proof of a physical injury, such a conviction only requires proof of the use of a deadly weapon.  *United States v. Hazlewood*, 526 F.3d 862, 865 (5th Cir. 2008) (citing *United States v. Ramirez*, 233 F.3d 318 (5th Cir. 2000)).  Any alleged concealment of Bordages and Shows' medical records would not extend the limitations period and the conspiracy claim is time-barred regardless of what information the medical records might reveal.  GPCH-GP's Motion to Dismiss Plaintiffs' conspiracy claim should be granted.

      b.    <u>Plaintiffs' RICO Claim</u>

      (i)    <u>Plaintiffs Have Not Sufficiently Pleaded a RICO Claim</u>

GPCH-GP argues that Plaintiffs have failed to state a RICO claim.  Plaintiffs' Response offers little substantive opposition to this position, relying upon the lone contention that "any medical treatment" provided by GPCH-GP to either Bordages or Shows related to the July 2, 2002, shotgun discharge amounts to "[a] second predicate act of injury to . . . [P]laintiffs . . . ."  Pls. Objections to Def.'s Mot. to Dismiss and/or, in the Alternative, Mot. for Summ. J. 9 [31].  Plaintiffs' RICO Statement neither complies with Rule 83.8(b) of the Local Uniform Civil Rules, nor does it add anything of substance to Plaintiffs' opposition to GPCH-GP's Motion to Dismiss.  *Compare* RICO Statement 1-5 [67] *with* L. U. Civ. R. 83.8(b).  In opposing GPCH-GP's Motion to Strike, Plaintiffs identify three federal statutes and seem to

11

imply that GPCH-GP has violated each.[6]  Pls.' [Resp.] to Def. GPCH-GP's Mot. to Strike RICO Statement 5 [70].

"To state a RICO claim under [18 U.S.C.] § 1962, there must be: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003) (citations and internal marks omitted).  A RICO enterprise includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4) (2012).  "A RICO 'enterprise' can be either a legal entity or an 'association in fact' enterprise." *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993) (citing 18 U.S.C. § 1961(4)).  "[A]n association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009).  To establish an "enterprise," Plaintiffs must plead specific facts as opposed to mere conclusory allegations. *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 427 (5th Cir. 1987) (citations omitted).  In addition, "[t]he enterprise must be 'an entity separate and apart from the pattern of activity in which it engages.'" *Atkinson v. Anadarko Bank & Trust Co.*, 808 F.2d 438, 441 (5th Cir. 1987) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)).  The requirement that an enterprise be separate and apart from the alleged

---

[6] Because Plaintiffs are proceeding *pro se*, the Court considers the reference Plaintiffs make in their RICO Statement to the violation of federal statutes as part of Plaintiffs' opposition to GPCH-GP's Motion to Dismiss.

pattern of racketeering is not satisfied where the relationship between members of the alleged enterprise exists for no purpose "other than simply to commit the predicate acts and reap the resultant rewards." *In re McCann*, 268 F. App'x 359, 366 (5th Cir. 2008).

Plaintiffs have not pleaded sufficient facts giving rise to a RICO claim. With respect to the enterprise requirement, Plaintiffs allege that "[t]he defendants herein are each, every, all[,] and singular members of an "[a]ssociation-[i]n-[f]act[.]" Compl. 26 [1]. This bare, conclusory allegation will not withstand a motion to dismiss. *Brunig v. Clark*, 560 F.3d 292, 297 (5th Cir. 2009) (affirming dismissal of RICO claim because the allegation that the defendants "and others, known and unknown, associated themselves in fact[]" amounted to "a conclusory[,] . . . recitation of the elements" and thus "did not make plausible that either a legal enterprise or an association-in-fact existed[]"). Further militating in favor of dismissal is Plaintiffs' failure to plead sufficient facts indicating that the purported "enterprise" involving GPCH-GP, Bordages, Shows, and other Defendants existed "separate and apart" from the alleged pattern of racketeering activity. *See Atkinson*, 808 F.2d at 441 (quoting *Turkette*, 452 U.S. at 583). If anything, the Complaint suggests that the claimed enterprise existed "for no purpose other than simply to commit the predicate acts . . . ." *In re McCann*, 268 F. App'x at 366. As a result, the Court finds that Plaintiffs have not stated a RICO claim, and that claim should be dismissed.

13

      (ii)    <u>Plaintiffs' RICO Claim is Time-Barred</u>

Even if Plaintiffs had sufficiently stated a RICO claim, any such claim is time-barred. The statute of limitations applicable to a RICO claim is four years. *Rotella v. Wood*, 528 U.S. 549, 553 (2000). The Fifth Circuit Court of Appeals "has adopted an 'injury discovery rule,' whereby 'a civil RICO claim accrues when the plaintiff discovers, or should have discovered, the injury.'" *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 176 (5th Cir. 2012) (quoting *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 773 (5th Cir. 2000)). In *Love*, the Fifth Circuit adopted the "separate accrual" rule which teaches that "[w]hen a pattern of RICO activity causes a continuing series of separate injuries, . . . a civil RICO claim . . . accrue[s] for each injury when the plaintiff discovers, or should have discovered, that injury." 230 F.3d at 773 (citation omitted).

In the Court's view, however, the "separate accrual" rule does not apply to Plaintiffs' RICO claim. *Warden v. Barnett*, 252 F.3d 1356, 2001 WL 433613, at *1 (5th Cir. March 29, 2001). *Warden* involved a motion requesting dismissal of a RICO claim based on alleged misappropriation of stock. *Id*. The plaintiff filed suit asserting a RICO claim in November 1998, but the district court noted the existence of a state court complaint the plaintiff filed seven years earlier in November 1991. *Id*. The November 1991 complaint made clear that, at the time that complaint was filed, the plaintiff "was aware of the alleged injury, i.e. the misappropriation of his stock, that is the basis of his RICO claim" brought in November 1998. *Id*. Affirming the district court's decision to grant the motion to dismiss the RICO claim

14

as time-barred, the Fifth Circuit rejected the plaintiff's argument that the separate accrual rule applied to create a separate RICO claim each time the defendants reinvested or otherwise made use of the proceeds of the sale of the plaintiff's stock. *Id*. at *1-2. The Fifth Circuit reasoned that the plaintiff did not suffer separate injuries each time the defendants made use of the stock proceeds because the actual "injury" occurred when the stock was misappropriated, and the November 1991 complaint revealed the plaintiff was aware of the injury at that time. *Id*. at *2. The Court pointed out that the defendants' various efforts to retain the misappropriated stocks and proceeds did not each constitute a separate injury. *Id*.

*Warden* provides persuasive, analogous authority supporting a finding that Plaintiffs' RICO claim is barred by the four year statute of limitations. Plaintiffs' RICO claim is predicated on an alleged concerted effort during the criminal trial in which Jesse Skinner was convicted of assault with a deadly weapon to conceal what Plaintiffs contend were "feigned" injuries suffered by Bordages and Shows. Compl. 26-27. As made patently clear in his Motion to Vacate his conviction filed on October 27, 2006, Jesse Skinner was aware of this claimed concerted effort to conceal the allegedly "feigned" injuries, and he based his ineffective assistance of counsel claim on his trial counsel's alleged failure to obtain medical records and other evidence which would have established the falsity of the injuries. Mot. to Vacate ¶¶144-150, ¶¶158-166, ¶¶212C-212D [153], Case No. 1:02-cr-93-DCB-JMR-1. These facts make clear that Jesse Skinner's injury, if any, occurred on June 9, 2003, when he was convicted of assault with a deadly weapon and evidence of

Bordages' and Shows' claimed injuries was presented to the jury, and that Jesse Skinner was aware of any claim he may have had based on such theory by October 27, 2006, at the latest.

To the extent that GPCH-GP has not released Bordages' and Shows' medical records upon Plaintiffs' unilateral demand, the Court is of the opinion that this refusal to release medical records does not upon each refusal constitute a separate RICO claim.  *See Warden*, 2001 WL 433613, at *2 (reasoning that the misappropriation of the plaintiff's stock constituted the plaintiff's actual injury, and the defendants' various efforts to retain the stock proceeds thereafter did not amount to new and independent injuries subject to separate limitations periods). The "separate accrual" rule does not apply to Plaintiffs' RICO claim against GPCH-GP, and that claim is barred by the four year statute of limitations.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs are not entitled to discovery related to GCHP-GP's Motion to Dismiss [22], and GPCH-GP's Motion [22] should be granted. GPCH-GP's remaining Motions [39] [68] are moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' Motion for Continuance to Conduct Discovery [32] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' Motion for Discovery on Defendant GPCH-GP, Inc. [33] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' [Second] Motion for Continuance [34] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant GPCH-GP, Inc.'s Motion to Dismiss [22] is **GRANTED**, and Plaintiffs' claims against GPCH-GP, Inc. are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that GPCH-GP, Inc.'s Motion for Protective Order [39] and Motion to Strike Racketeer Influenced and Corrupt Organization Act Statement [68] are **DENIED** as **MOOT**.

**SO ORDERED AND ADJUDGED**, this the 9th day of September, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE