IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSE M. SKINNER and MANUEL E. SKINNER JR. § § § | | PLAINTIFFS |
| v. § § | | CIVIL NO.: 1:13cv314-HSO-RHW |
| JOHN BORDAGES JR., CRAIG SHOWS, JOHN HAWKINS, MARY FORETICH, TERRY DAVIS, KEITH DAVIS, CARLO ROBOTTI, BRIAN MACCARTHY, TOM DEICHMANN, BURNELL DEDEAUX, LUIS HAWKINS, CHARLES BRANDON MOORE, KARL WINTER, GPCH-GP, INC., JOHN B. METCALF, ROBERT HILLIER, TOM WHEELER, ROY HUGH FLEMING, and JOHN/JANE DOES 1-4 § § § § § § § § § § § § § § § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
MOTION TO QUASH DEFENDANT KEITH DAVIS' MOTION TO SET ASIDE
ENTRY OF DEFAULT AND MOTION TO DISMISS, DENYING PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT AS TO KEITH DAVIS, AND
GRANTING KEITH DAVIS' MOTION TO SET ASIDE ENTRY OF DEFAULT
AND MOTION TO DISMISS**

BEFORE THE COURT is Defendant Keith Davis' Motion to Set Aside Entry of Default and Motion to Dismiss [54]. Plaintiffs have filed a Response [59], and Davis has filed a Rebuttal [61]. Also before the Court is Plaintiffs Jesse M. Skinner and Manuel E. Skinner Jr.'s Motion to Quash Defendant Keith Davis' Motion to Set Aside Entry of Default and Motion to Dismiss [60], to which Keith Davis has filed a Response [62]. Plaintiffs have also filed a Motion for Default Judgment as to Keith Davis [72]. Having considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that Defendant Keith Davis' Motion to

1

Set Aside Entry of Default and Motion to Dismiss [54] should be granted, Plaintiffs' Motion to Quash and Motion for Default Judgment should be denied, and Plaintiffs' claims against Defendant Keith Davis should be dismissed without prejudice.

I. BACKGROUND

On July 2, 2002, Defendant Keith Davis ("Keith Davis") is alleged to have participated in a "no-knock" search of structures located on Plaintiffs' real property. Compl. 15 [1]. Plaintiffs claim that the search was part of a conspiracy to incarcerate Plaintiff Jesse M. Skinner ("Jesse Skinner") and confiscate and destroy pit bulls owned by Jesse Skinner and Plaintiff Manuel E. Skinner. *Id.* at 7-26. As a result of the search, Jesse Skinner was later convicted of "various drug and assault charges in *United States v. Skinner*, [Case Number] 1:02-cr-93 . . . ." *Id.* at vi.

On August 1, 2013, Plaintiffs filed the present Complaint. Compl. [1]. As to Keith Davis, Plaintiffs allege he was acting as "an employee of HIDTA [(High Intensity Drug Trafficking Area)] as a Task Force Agent[,]"advance a claim of conspiracy, and attempt to state a claim under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961 to -1968 ("RICO").[1] Compl. 7-27 [1]. The record reflects that Plaintiffs served Keith Davis personally on October 4, 2014. Proof of Service [10]. The record does not indicate that Summons were either requested or issued with respect to the United States of America. Plaintiffs obtained a Clerk's Entry of Default [49] as to Keith Davis on February 19, 2014.

---

[1] The parties do not appear to dispute that as a member of the HIDTA Task Force, Keith Davis is considered a federal employee. *See* Mem. in Supp. of Mot. to Set Aside Entry of Default and Mot. to Dismiss 3 n.1 [55]; Pls.' Objections and Mot. to Quash Def. Keith Davis' Mot. to Set Aside Entry of Default and Mot. to Dismiss 4 [59].

Keith Davis now moves to set aside the Clerk's Entry of Default [49] and to dismiss Plaintiffs' claims against him.  Mem. in Supp. of Mot. to Set Aside Entry of Default and Mot. to Dismiss 1-2 [55].  Keith Davis reasons that he should be considered a federal employee, Plaintiffs have yet to properly serve him, and the time for doing so has long expired.  *Id.* at 4-8.  Plaintiffs oppose Keith Davis' Motion, arguing that he was served personally and that Plaintiffs provided the United States Attorney General with a document entitled "Notice of Suit."  Pls.' Objections and Mot. to Quash Def. Keith Davis' Mot. to Set Aside Entry of Default and Mot. to Dismiss 1-3 [59].  Plaintiffs have moved to quash Keith Davis' Motion [54] on the basis that the Assistant United States Attorney who filed Keith Davis' Motion [54] failed to enter a formal appearance before filing the Motion.  Mot. to Quash Def. Keith Davis' Mot. to Set Aside Entry of Default and Mot. to Dismiss 5 [60].  Plaintiffs have also moved for a default judgment against Keith Davis.  Mot. for Default J. 1 [72].

## II. DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(5) permits a party to assert the defense of insufficient service of process by motion.  The provisions of Rule 4 delineate how a party is required to serve process upon an employee of the United States.  *See* Fed. R. Civ. P. 4(i).  Rule 4(i)(3) states that "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf[,] . . . a party must serve the United

States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). To serve the United States, a plaintiff must serve both the United States attorney for the district where the action is brought and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1).[2] Rule 4(m) requires dismissal of an action without prejudice if a defendant is not served within 120 days after the complaint is filed.

B.  Analysis

    1.  Plaintiffs' Motion to Quash Keith Davis' Motion to Set Aside Default and Motion to Dismiss

Plaintiffs' Motion to Quash Keith Davis' Motion to Set Aside Default and Motion to Dismiss [60] is not well-taken. Plaintiffs' primary contention appears to be that Keith Davis' attorney, Assistant United States Attorney Stephen R. Graben ("Graben"), did not make a formal appearance in this matter in accord with Rule 11 prior to filing the Motion to Dismiss [54] on behalf of Keith Davis. Pursuant to Rule 5 of the Local Uniform Civil Rules and this Court's Administrative Procedures for Electronic Case Filing, Graben properly appeared as an attorney of record at the time he electronically signed and filed Keith Davis' Motion [54] and identified himself as Keith Davis' attorney of record. *See* L. U. Civ. R. 5(c) (noting that the Court's electronic-filing procedures are found in the Administrative Procedures for Electronic Case Filing); Administrative Procedures for Electronic Case Filing,

---

[2] In lieu of serving the United States attorney, a party may deliver a copy of the summons and the complaint to "an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or" may "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office . . . ." Fed. R. Civ. P. 4(i)(1)(A).

4

Sections 2C (stating that an attorney's court-issued password and identification serves as the attorney's signature for Rule 11 purposes), 3(D)(1) (permitted attorneys to electronically sign documents filed with the Court). Plaintiffs' Motion is not well-taken and will be denied.

    2.    <u>Keith Davis' Motion to Set Aside Default</u>

It is undisputed that Plaintiffs have not complied with the requirements for effective, proper service upon Keith Davis. Namely, Plaintiffs have not served the United States with a Summons and the Complaint. *See* Pls.' Objections and Mot. to Quash Def. Keith Davis' Mot. to Set Aside Entry of Default and Mot. to Dismiss 2 [59], Ex. "A" [59-1], Ex. "B" [59-2]. Absent proper service of process, this Court does not have jurisdiction over Keith Davis and may not exercise power over him. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citations omitted). Good cause therefore exists to set aside the Clerk's Entry of Default [49] as to Keith Davis. Fed. R. Civ. P. 55(c). Keith Davis' Motion to Set Aside Entry of Default will be granted, and the Clerk's Entry of Default shall be set aside.[3]

    3.    <u>Keith Davis' Motion to Dismiss</u>

Rule 4(m) allows 120 days after the filing of the complaint for service of the complaint and summons. Fed. R. Civ. P. 4(m). That period expired in this case on or about November 29, 2013. Rule 4(m) provides in part that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). To establish "good cause" a plaintiff "must

---

[3] The Court's decision to grant Keith Davis' Motion to Set Aside Entry of Default [54] necessitates that Plaintiffs' Motion for Default Judgment as to Keith Davis [72] be denied.

show more than inadvertence, mistake or ignorance of the rules." *System Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

In opposing Keith Davis' Motion to Dismiss, Plaintiffs state that they "are *pro se* and . . . are but laymen when it comes to the fine tunings of the law and rely heavily on the common sense interpretations thereof." Pls.' Objections and Mot. to Quash Def. Keith Davis' Mot. to Set Aside Entry of Default and Mot. to Dismiss 4 [59]. However, it is settled that "*pro se* litigant[s] assume[] a responsibility to learn and follow the applicable rules of procedure. A showing of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or . . . ignorance of the rules usually does not suffice.'" *Reed v. Eaton Aerospace*, No. 3:04cv971-WS, 2006 WL 82343, at *1 (S.D. Miss. Jan. 10, 2006) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Based on the record, the Court finds that Plaintiffs have not complied with Rule 4(m), nor have Plaintiffs demonstrated that good cause exists for their failure to effectuate proper service of process in accordance with the Federal Rules of Civil Procedure. Keith Davis' Motion to Dismiss will be granted.

III. CONCLUSION

The Court concludes that the Clerk's Entry of Default as to Keith Davis should be set aside, Plaintiffs' Motion for Default Judgment should be denied, and Plaintiffs' claims against Keith Davis should be dismissed. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' Motion to Quash Defendant Keith Davis' Motion to Set Aside Default and Motion to Dismiss [60] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Keith Davis' Motion to Set Aside Entry of Default [54] is **GRANTED**, the Clerk's Entry of Default [49] shall be **SET ASIDE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Keith Davis' Motion to Dismiss [54] is **GRANTED** and Plaintiffs' claims against Keith Davis are **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' Motion for Default Judgment as to Keith Davis [72] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 9th day of September, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE