IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSE M. SKINNER and MANUEL E. SKINNER JR.** | § § § | **PLAINTIFFS** |
| v. | § § | **CIVIL NO.: 1:13cv314-HSO-RHW** |
| **JOHN BORDAGES JR., CRAIG SHOWS, JOHN HAWKINS, MARY FORETICH, TERRY DAVIS, KEITH DAVIS, CARLO ROBOTTI, BRIAN MACCARTHY, TOM DEICHMANN, BURNELL DEDEAUX, LUIS HAWKINS, CHARLES BRANDON MOORE, KARL WINTER, GPCH-GP, INC., JOHN B. METCALF, ROBERT HILLIER, TOM WHEELER, ROY HUGH FLEMING, and JOHN/JANE DOES 1-4** | § § § § § § § § § § § § § § | **DEFENDANTS** |

## ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION

BEFORE THE COURT are Plaintiffs Jesse M. Skinner and Manuel E. Skinner Jr.'s "Motion for Reconsideration of Order [76] Pursuant to Fed. R. Civ. P. 56(e) and Pursuant to Justice" [81] and "Motion for Reconsideration of Order [77] Pursuant to Fed. R. Civ. P. 56(e) and Pursuant to Fed. R. Civ. P. 4(i)(4)(B)" [82]. Having considered the Motions [81] [82], the record, and relevant legal authorities, the Court concludes Plaintiffs' Motions should be denied.

The primary issue raised by Plaintiffs Jesse M. Skinner and Manuel E. Skinner Jr.'s ("Plaintiffs") "Motion for Reconsideration of Order [76] Pursuant to Fed. R. Civ. P. 56(e) and Pursuant to Justice" centers on Plaintiffs' insistence regarding the necessity of the medical records related to treatment received by law

1

enforcement personnel involved in a raid of Plaintiff Jesse M. Skinner's trailer. Mot. for Reconsideration of Order [76] Pursuant to Fed. R. Civ. P. 56(e) and Pursuant to Justice 1-6 [81]. Plaintiffs believe the medical records are relevant and necessary to Plaintiffs' current claim that Defendants have engaged in a conspiracy to cover up the fact that neither law enforcement officer was actually injured. *Id*. at 2. Because Plaintiffs are proceeding pro se, the Court addresses this argument one final time.

"[W]hen an indictment alleges non-essential facts, the government need not prove them in order to sustain a conviction . . . ." *United States v. Robinson*, 974 F.2d 575, 578 (5th Cir. 1992). What matters is that the Government proves "facts charged in the indictment which do satisfy the essential elements of the crime." *Id*. (quoting *United States v. England*, 480 F.2d 1266, 1269 (5th Cir. 1973)). Jesse Skinner was charged with and convicted of assault with a deadly weapon in violation of 18 U.S.C. §§ 111(a)(1) and -111(b). Order on Mot. to Vacate 8-9 [181], Case No. 1:02-cr-93-DCB-JMR-1. Conviction under those sections only requires proof of the use of a deadly weapon; it does not require proof of a physical injury. *United States v. Hazlewood*, 526 F.3d 862, 865 (5th Cir. 2008) (citing *United States v. Ramirez*, 233 F.3d 318 (5th Cir. 2000)). Insofar as the indictment may have stated that the use of a dangerous weapon also inflicted bodily injuries upon the law enforcement officers, the Government was not required to prove that non-essential fact. Consequently, Plaintiffs' Motion [81] has no merit and will be denied.

With respect to Plaintiffs' "Motion for Reconsideration of Order [77] Pursuant to Fed. R. Civ. P. 56(e) and Pursuant to Fed. R. Civ. P. 4(i)(4)(B)," Plaintiffs contend that they must be allowed "reasonable time" to serve the United States of America because they have already served Defendant Keith Davis. Mot. for Reconsideration of Order [77] Pursuant to Fed. R. Civ. P. 56(e) and Pursuant to Fed. R. Civ. P. 4(i)(4)(B) 1-2 [82].[1] Without providing any substantiating documentation, Plaintiffs claim that the Clerk of Court "will not issue the Summonses when she receives things" and appear to ask the Court to guide them in drafting Summons directed to the United States of America. *Id*. at 3.

On February 28, 2014, Keith Davis moved to set aside the Clerk's Entry of Default on the basis that Plaintiffs failed to properly serve Davis. Mem. in Supp. of Mot. to Set Aside Entry of Default and Mot. to Dismiss 1-2 [55]. Davis reasoned that because he was an officer or employee of the United States, Plaintiffs were required pursuant to Rule 4(i)(3) of the Federal Rules of Civil Procedure to serve the United States of America. *Id*. at 4-5 [77]. Davis quoted Rule 4(i)(3) which sets out the applicable requirements. *Id*. Plaintiffs chose to quibble with, rather than rectify, the errors raised by Davis despite having six months between the time Davis put them on notice of those errors and the Court's decision to set aside the Clerk's Entry of Default as to Davis. Having been on notice of their defective effort to serve the United States since February 28, 2014, Plaintiffs have had more than a reasonable amount of time to perfect service but have not done so. Plaintiffs' Motion [82] will be denied. *See Sys. Signs Supplies v. U.S. Dep't of Justice*,

---

[1] Plaintiffs obtained a Clerk's Entry of Default [49] as to Keith Davis on February 19, 2014.

3

*Washington, D.C.*, 903 F.2d 1011, 1014 (5th Cir. 1990) (finding district court did not abuse its discretion in dismissing case where assistant United States attorney advised pro se plaintiff nearly one month before the lapse of the 120-period for service of process that service on the United States was defective and cited the procedural rules governing service).  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' [81] "Motion for Reconsideration of Order [76] Pursuant to Fed. R. Civ. P. 56(e) and Pursuant to Justice" is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' [82] "Motion for Reconsideration of Order [77] Pursuant to Fed. R. Civ. P. 56(e) and Pursuant to Fed. R. Civ. P. 4(i)(4)(B)" is **DENIED**.

**SO ORDERED** this the 3rd day of October, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE