IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSE M. SKINNER and MANUEL E. SKINNER JR. | § § § | PLAINTIFFS |
| v. | § § | CIVIL NO.: 1:13cv314-HSO-RHW |
| JOHN BORDAGES JR., CRAIG SHOWS, JOHN HAWKINS, MARY FORETICH, TERRY DAVIS, KEITH DAVIS, CARLO ROBOTTI, BRIAN MACCARTHY, TOM DEICHMANN, BURNELL DEDEAUX, LUIS HAWKINS, CHARLES BRANDON MOORE, KARL WINTER, GPCH-GP, INC., JOHN B. METCALF, ROBERT HILLIER, TOM WHEELER, ROY HUGH FLEMING, and JOHN/JANE DOES 1-4 | § § § § § § § § § § § § § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANTS TERRY DAVIS, BURNELL DEDEAUX, TOM DEICHMANN, MARY FORETICH, JOHN HAWKINS, ROBERT HILLIER, BRIAN MACCARTHY, JOHN B. METCALF, CHARLES BRANDON MOORE, CARLO ROBOTTI, CRAIG SHOWS, TOM WHEELER, AND KARL WINTER FOR FAILURE TO SERVE PROCESS

This matter is before the Court *sua sponte* due to Plaintiffs Jesse M. Skinner and Manuel E. Skinner, Jr.'s ("Plaintiffs") failure to timely serve process on Defendants Terry Davis, Burnell Dedeaux, Tom Deichmann, Mary Foretich, John Hawkins, Robert Hillier, Brian MacCarthy, John B. Metcalf, Charles Brandon Moore, Carlo Robotti, Craig Shows, Tom Wheeler, and Karl Winter. On September 16, 2014, the Court entered an Order to Show Cause affording Plaintiffs Jesse M. Skinner and Manuel E. Skinner, Jr., the opportunity to show good cause as to why these thirteen Defendants had yet to be served process, over thirteen months after

1

the Complaint was filed. On October 3, 2014, Plaintiffs responded to the Court's Order [79] by filing a document styled "Motion to Show Cause Sworn Under Penalty of Perjury" [85]. Having considered Plaintiffs' Response [85] to the Court's Order [79], the record, and relevant legal authorities, the Court is of the opinion that Plaintiffs have not shown good cause for their failure to serve process as to Defendants Terry Davis, Burnell Dedeaux, Tom Deichmann, Mary Foretich, John Hawkins, Robert Hillier, Brian MacCarthy, John B. Metcalf, Charles Brandon Moore, Carlo Robotti, Craig Shows, Tom Wheeler, and Karl Winter, and these Defendants should be dismissed.

I. BACKGROUND

Plaintiffs Jesse M. Skinner and Manuel E. Skinner, Jr., filed the Complaint [1] in this case on August 1, 2013, naming John Bordages, Jr., Craig Shows, John Hawkins, Mary Foretich, Terry Davis, Keith Davis, Carlo Robotti, Brian MacCarthy, Tom Deichmann, Burnell Dedeaux, Luis Hawkins, Charles Brandon Moore, Karl Winter, GPCH-GP, Inc., John B. Metcalf, Robert Hillier, Tom Wheeler, and Roy Hugh Fleming as Defendants. On September 9, 2013, Summonses [5] were issued, in pertinent part, for Terry Davis, Burnell Dedeaux, Tom Deichmann, Mary Foretich, John Hawkins, Robert Hillier, Brian MacCarthy, John B. Metcalf, Charles Brandon Moore, Carlo Robotti, Craig Shows, Tom Wheeler, and Karl Winter (collectively "the Unserved Defendants").[1] The 120 day time period for effecting

---

[1] While Summons addressed to Defendant Keith Davis was issued on September 9, 2013, and was returned as "executed" on November 8, 2013 [10], Keith Davis filed a Motion to Dismiss for Insufficient Service of Process [54], and the Court granted that Motion on September 9, 2014 [77]. On September 19, 2013, Summons [6] was issued for Defendant GPCH-GP, Inc., and although

2

service of process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure was due to expire on November 29, 2013, but Plaintiffs obtained an extension of this deadline until January 24, 2014. Order 2 [9]. Notwithstanding the extension of time, Plaintiffs did not effect service on the Unserved Defendants.

On September 16, 2014, the Court entered an Order to Show Cause Why [the Unserved Defendants] Should Not Be Dismissed for Plaintiffs' Failure to Timely Serve Process [79]. Plaintiffs responded to the Court's Order [79] on October 3, 2014, explaining that they have sought the services of three process servers all to no avail. Mot. to Show Cause Sworn Under Penalty of Perjury 1-3 [85]. Plaintiffs then renewed their request for leave to effect service by publication. *Id*. at 3-7.

## II. DISCUSSION

A. Legal Standard

Rule 4(m) of the Federal Rules of Civil Procedure, provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). To establish "good cause," Plaintiffs "must show more than inadvertence, mistake, or ignorance of the rules." *System Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

---

GPCH-GP, Inc. was served December 9, 2013 [19], Plaintiffs' claims against GPCH-GP, Inc., were also dismissed with prejudice [76] on September 9, 2014.

B.  Analysis

   1.  Service by Publication

As an initial matter, to the extent Plaintiffs' Response to the Order [79] can be construed as a request that the Court once again reconsider the Magistrate Judge's earlier decision to deny Plaintiffs' request for service by publication, the Court finds that Plaintiffs' position lacks merit for the same reasons previously found by the Court in overruling Plaintiff's Objection to the Magistrate Judge's denial of Plaintiff's request for leave to serve process by publication. *See* Order Denying Pls.' Mot. for Review of Magistrate Judge's Order 3-4 [78]. Rule 4(e)(1) authorizes service by publication pursuant to Rule 4(c)(4) of the Mississippi Rules of Civil Procedure, which permits service by publication only after a "diligent inquiry" reveals an inability to serve a defendant personally. "There is no bright line rule as to how many efforts must be made by a plaintiff to locate a named defendant to satisfy the requirement of diligent inquiry[,]" but the quantity and quality of a plaintiff's efforts to serve a defendant personally must be taken into consideration. *Page v. Crawford*, 883 So. 2d 609, 611-12 (Miss. Ct. App. 2004), overruled on other grounds by *E. Mississippi State Hosp. v. Adams*, 947 So. 2d 887, 891 (Miss. 2007).

With respect to the quantity of Plaintiffs' efforts to serve the Unserved Defendants, Plaintiffs explain that they retained three process servers to attempt to serve process on Defendants at various times since filing the Complaint. Mot. to Show Cause Sworn Under Penalty of Perjury 1-2 [85]. A careful reading of Plaintiffs' Response [85], however, indicates that Plaintiffs do not claim that they

4

have had each of the three process servers make an attempt to serve each of the Unserved Defendants. The record reveals that Summonses [5] were only requested and issued once for each Unserved Defendant without any additional requests for alias summonses after the initial lack of success in effecting service. As for the quality of the efforts made by Plaintiffs' process servers, there is insufficient evidence in the record regarding the quality of the efforts made. *See* Summons Returned Unexecuted [26]. The Summonses returned unexecuted [26] include fragments of information which are at best vague and are unhelpful to evaluating the quality of Plaintiffs' efforts to serve the Unserved Defendants. The unexecuted Summonses [26] shed little light on the number of times the process servers attempted to serve each Unserved Defendant before returning the Summonses, the efforts the process servers undertook to locate each Unserved Defendant, or the degree to which each Unserved Defendant may have been purposefully avoiding service of process. Therefore, consistent with its previous Order [78], the Court finds that Plaintiffs have not established sufficient grounds to justify service by publication.

  2. <u>Plaintiffs' Response to the Court's Show Cause Order</u>

As of the date of this Order, Plaintiffs have had five-hundred and five (505) days to effect service on the Unserved Defendants. During that time, however, Plaintiffs have only requested the issuance of Summonses one time, Plaintiffs' process servers have returned as unexecuted the Summonses pertaining to each of the Unserved Defendants, and Plaintiffs have repeatedly and unsuccessfully sought

5

leave to effect service by publication. The record before the Court does not include facts which demonstrate "more than inadvertence, mistake, or ignorance of the rules[]" as is required to establish "good cause" for extending the time for serving process. *System Signs*, 903 F.2d at 1013. The Court consequently finds that Plaintiffs have not shown sufficient cause in response to the Court's Order [79], and the Unserved Defendants should be dismissed.

### 3. Statute of Limitations

The Court further finds that the reasoning underlying the Court's finding that Plaintiffs' conspiracy claim and claim under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961 to -1968 ("RICO"), against Defendant GPCH-GP, Inc., are barred by the applicable statutes of limitations also applies with equal force to Plaintiff's conspiracy and RICO claims against the Unserved Defendants. *See* Mem. Op. and Order 9-11, 14-16 [76]. Plaintiffs filed the Complaint [1] on August 1, 2013. The three year statute of limitations applicable to conspiracy claims began to run by June 9, 2003, and thus the conspiracy claim is time barred. *See Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1200 (Miss. 2001) (citing Miss. Code Ann. § 15-1-49). In similar fashion, Plaintiffs were or should have been aware of any potential RICO claim against Defendants by October 27, 2006, at the latest, and thus the four year statute if limitations applicable to RICO claims expired prior to Plaintiffs filing the Complaint. Accordingly, even if Plaintiffs were able to properly serve the Unserved Defendants, Plaintiffs' conspiracy and RICO claims are barred by the statutes of limitation applicable to those claims.

6

## III. CONCLUSION

For the foregoing reasons, Plaintiffs have not demonstrated good cause sufficient to avoid dismissal of the Unserved Defendants for failure to serve process.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Terry Davis, Burnell Dedeaux, Tom Deichmann, Mary Foretich, John Hawkins, Robert Hillier, Brian MacCarthy, John B. Metcalf, Charles Brandon Moore, Carlo Robotti, Craig Shows, Tom Wheeler, and Karl Winter are **DISMISSED** from this civil action.

**SO ORDERED AND ADJUDGED**, this the 22nd day of December, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE