IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSE M. SKINNER and MANUEL E. SKINNER JR. | § § § | PLAINTIFFS |
| v. | § § | CIVIL NO.: 1:13cv314-HSO-RHW |
| JOHN BORDAGES JR., CRAIG SHOWS, JOHN HAWKINS, MARY FORETICH, TERRY DAVIS, KEITH DAVIS, CARLO ROBOTTI, BRIAN MACCARTHY, TOM DEICHMANN, BURNELL DEDEAUX, LUIS HAWKINS, CHARLES BRANDON MOORE, KARL WINTER, GPCH-GP, INC., JOHN B. METCALF, ROBERT HILLIER, TOM WHEELER, ROY HUGH FLEMING, and JOHN/JANE DOES 1-4 | § § § § § § § § § § § § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT JOHN BORDAGES JR., DENYING MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT LUIS HAWKINS, AND ORDERING PLAINTIFFS TO SHOW CAUSE AS TO WHY THEIR CLAIMS AGAINST DEFENDANTS LUIS HAWKINS AND JOHN BORDAGES JR. SHOULD NOT BE DISMISSED**

BEFORE THE COURT are the Motion for Default Judgment as to Defendant John Bordages Jr. [71] and the Motion for Default Judgment as to Defendant Luis Hawkins [73] filed by Plaintiffs Jessie M. Skinner and Manuel E. Skinner. Having considered Plaintiffs' submissions, the record, and relevant legal authorities, the Court is of the opinion that Plaintiffs' Motions [71] [73] should be denied. The Court will further order that Plaintiffs must show cause as to why their claims against Defendants John Bordages Jr. and Luis Hawkins should not be dismissed with prejudice as being barred by the applicable statutes of limitations.

1

I. BACKGROUND

On August 1, 2013, Plaintiffs Jesse M. Skinner and Manuel E. Skinner Jr. ("Plaintiffs") filed the Complaint seeking to advance a claim of conspiracy and a claim under the Racketeer Influenced Corrupt Organization Act, 18 U.S.C. §§ 1961-1968 ("RICO"), stemming from Plaintiff Jesse Skinner's conviction in June 2003 of various felonies including assault with a deadly weapon. Plaintiffs alleged the conspiracy and RICO violations were carried out by several law enforcement officers involved in the investigation of Plaintiff Jesse Skinner's underlying conviction, including Defendants John Bordages Jr. ("Bordages") and Luis Hawkins ("Hawkins"). Compl. 7, 13-14 [1]. The record reveals that Summonses were returned executed as to Hawkins [13] on December 11, 2013, and Bordgages [20] on January 3, 2014. Because neither Hawkins nor Bordages have responded to the Complaint or otherwise appeared to date, Plaintiffs now seek default judgment as to both Hawkins and Bordages. Mot. for Default J. as to John Bordages Jr. [71]; Mot. for Default J. as to Luis Hawkins [73].

II. DISCUSSION

"A defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (footnote omitted); *see also Wooten v. McDonald Transit*

*Associates, Inc.*, 775 F.3d 689, 699 (5th Cir. 2015) (accord).[1] "Default judgment is proper only if the well-pleaded factual allegations in [the p]laintiff's . . . [c]omplaint establish a valid cause of action." *Del Sol Med. Ctr. v. Alliance Nat. Ins. Co.*, No. EP-12-CV-36-PRM, 2012 WL 1078080, at *3 (W.D. Tex. Mar. 30, 2012) (citing *Nishimatsu*, 515 F.2d at 1206); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2685 (3d ed. 1998) (Under Rule 55 "the party making the request [for default judgment] is not entitled to a default judgment as of right, even when defendant is technically in default . . . .") (footnote omitted).

The record in this case indicates that Plaintiffs are not entitled to default judgment as to Bordages and Hawkins. On September 9, 2014, the Court entered its Memorandum Opinion and Order Granting Defendant GPCH-GP, Inc's Motion to Dismiss [76].[2] In granting GPCH-GP, Inc.'s Motion, the Court found that the facts alleged in the Complaint revealed that Plaintiffs' conspiracy claim began to accrue, at the latest, on June 9, 2003, the date on which Plaintiff Jesse Skinner was convicted of assault. Mem. Op. and Order 10 [76]. Because the Complaint was not filed until August 1, 2013, the Court found that the conspiracy claim was time barred. *Id.* at 10-11. The Court further reasoned that the Complaint did not sufficiently plead a RICO claim, and to the extent the Complaint could be construed to sufficiently plead a RICO claim, any such claim was also time barred. *Id.* at 11-

---

[1] The *Wooten* record on appeal reveals that, on January 16, 2015, a petition for rehearing en banc was filed, and that petition remains pending as of the date of this Memorandum Opinion and Order.

[2] Plaintiffs allege that Defendant GPCH-GP, Inc., participated in the same conspiracy and RICO violations in which Bordages and Hawkins are alleged to have participated. Compl. 19-21 [1].

3

16. Because Plaintiffs seek to obtain a default judgment against Bordages and Hawkins based upon these same claims, which the Court has previously found lacking, there is not a "sufficient basis in the pleadings" upon which the Court can properly enter a default judgment. *Nishimatsu Constr.*, 515 F.2d at 1206; *see also Wooten*, 775 F.3d at 693 (same). As a result, Plaintiffs are not entitled to default judgment as to Bordages and Hawkins.

"[A] district court may dismiss a complaint on its own motion for failure to state a claim." *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984) (citations omitted); *see also Wooten*, 775 F.3d at 703 (noting that when faced with a request for default judgment founded upon a complaint that is "fatally deficient[,]" district courts, in addition to denying the requested default judgment, may "dismiss the complaint *sua sponte* under Rule 12(b)(6) without prejudice"). The Fifth Circuit has observed that a district court inclined to dismiss a claim *sua sponte* under Rule 12(b)(6) typically should "require[] 'both notice of the court's intention and an opportunity to respond.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

Although the Court finds that Plaintiffs have been on notice since January 6, 2014,[3] of the fact that their conspiracy and RICO claims may be barred by the applicable statutes of limitations, and Plaintiffs have twice responded to and

---

[3] Defendant GPCH-GP, Inc., sought dismissal of Plaintiffs' claims on statute of limitations grounds on January 6, 2014. GPCH-GP, Inc.'s Mem. Br. in Supp. of Mot. to Dismiss 4-6 [23].

4

addressed the statute of limitations issue,[4] the Court will afford Plaintiffs an opportunity to respond with respect to their claims against Bordages and Hawkins. Accordingly, Plaintiffs must show cause on or before March 13, 2015, why their claims against Bordages and Hawkins should not be dismissed as being barred by the applicable statutes of limitations.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' Motion for Default Judgment as to John Bordages Jr. [71] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk's Entry of Default as to John Bordages Jr. [47] shall be **SET ASIDE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' Motion for Default Judgment as to Luis Hawkins [73] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk's Entry of Default as to Luis Hawkins [48] shall be **SET ASIDE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs shall show cause in writing why the claims against Bordages and Hawkins should not be dismissed on statute of limitations grounds. On or before March 13, 2015, Plaintiffs shall file a brief addressing the single and narrow issue of whether their claims against Bordages and Hawkins for conspiracy and RICO violations are barred by the statute of limitations applicable to those claims, and show cause why the Court

---

[4] *See* Pls.' Objections to Def. GPCH-GP, Inc.'s Mot. to Dismiss 3-10 [31]; Mot. for Reconsideration of Order [76] Pursuant to Fed. R. Civ. P. 56(e) and Pursuant to Justice 4-5 [81].

5

should not dismiss Plaintiffs' claims for conspiracy and RICO violations against Bordages and Hawkins as being time barred.

**SO ORDERED AND ADJUDGED**, this the 27th day of February, 2015.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE