IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSE M. SKINNER and MANUEL E. SKINNER JR. | § § § | PLAINTIFFS |
| v. | § § § | CIVIL NO.: 1:13cv314-HSO-RHW |
| JOHN BORDAGES JR., CRAIG SHOWS, JOHN HAWKINS, MARY FORETICH, TERRY DAVIS, KEITH DAVIS, CARLO ROBOTTI, BRIAN MACCARTHY, TOM DEICHMANN, BURNELL DEDEAUX, LUIS HAWKINS, CHARLES BRANDON MOORE, KARL WINTER, GPCH-GP, INC., JOHN B. METCALF, ROBERT HILLIER, TOM WHEELER, ROY HUGH FLEMING, and JOHN/JANE DOES 1-4 | § § § § § § § § § § § § § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING [120] MOTION FOR RECONSIDERATION, DISMISSING PLAINTIFFS' CLAIMS AGAINST DEFENDANT ROY HUGH FLEMING AS TIME-BARRED, AND DISMISSING CASE**

BEFORE THE COURT is the Motion for Reconsideration [120] filed by Plaintiffs Jesse M. Skinner and Manuel E. Skinner seeking reconsideration of the Court's May 27, 2015, Memorandum Opinion and Order [115] denying Plaintiffs' Motion to Show Cause [112] and dismissing Plaintiffs' claims against Defendants Luis Hawkins and John Bordages Jr.  Also before the Court is Plaintiffs' Response [126] to the Court's Order to Show Cause [122] as to why Plaintiffs' claims against Defendant Roy Hugh Fleming for conspiracy and violation of the Racketeer Influenced Corrupt Organization Act, 18 U.S.C. §§ 1961-1968 ("RICO"), should not

1

be dismissed. Having considered Plaintiffs' submissions, the record, and relevant legal authorities, the Court finds that Plaintiffs' Motion for Reconsideration should be denied, Plaintiffs' claims against Defendant Fleming are barred by the applicable statutes of limitation, and this civil action should be dismissed.[1]

## I. BACKGROUND

On February 27, 2015, the Court afforded Plaintiffs Jesse M. Skinner ("Jesse Skinner") and Manuel E. Skinner Jr. (collectively "Plaintiffs") an opportunity to show cause why their claims against Defendants Luis Hawkins and John Bordages Jr. should not be dismissed on grounds that those claims are barred by the applicable statutes of limitation. Mem. Op. and Order 4-6 [105]. Plaintiffs responded by filing a Motion to Show Cause [112] on March 27, 2015. On May 27, 2015, the Court entered its Memorandum Opinion and Order [115] denying Plaintiffs' Motion [112] and finding that Plaintiffs' claims for conspiracy and RICO violations against Defendants Hawkins and Bordages Jr. were time-barred and that neither the "separate accrual rule" nor the "fraudulent concealment doctrine" altered this fact. Mem. Op. and Order 3-5 [115]. On June 10, 2015, Plaintiffs filed a Motion for Reconsideration [120] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, claiming that the Court's May 27, 2015, Memorandum Opinion and

---

[1] On July 30, 2015, Plaintiffs filed correspondence [125] directed to chambers asking the Court to instruct the Clerk of Court to file all of Plaintiffs' "pleadings and requests." The Court observes that Plaintiffs previously made a nearly identical request by way of their June 8, 2015, Motion Seeking Order From the Court to Instruct Clerk of Court to Place All of Plaintiffs['] Filings on the Court Docket [119], which the Court denied by text order on June 9, 2015. To the extent that document [125] was intended as a request for relief from the Court, the request is not properly before the Court, and even if it were, the request would be denied. *See* Text Only Order, June 9, 2015.

Order [115] misstated facts and reached the wrong result. Mot. for Reconsideration 1-2 [120]. In Plaintiffs' estimation, the Court did not sufficiently appreciate and address their arguments related to the separate accrual rule. *Id.* at 2-3. Plaintiffs also claim the Court misstated facts related to medical records and the date that evidence from Jesse Skinner's criminal trial was removed from the courthouse. Plaintiffs reurge their argument that both prongs of the fraudulent concealment doctrine are satisfied in this case. *Id.* at 3-12.

Subsequent to Plaintiffs filing their Motion for Reconsideration [120], the Court issued a June 24, 2015, Order directing Plaintiffs to show cause why their claims against Defendant Roy Hugh Fleming ("Dr. Fleming") should not be dismissed. Order 2 [122]. Plaintiffs were specifically ordered to address "whether their claims against Dr. Fleming for conspiracy and RICO violations are barred by the statute of limitations applicable to those claims, and show cause why the Court should not dismiss Plaintiffs' claims for conspiracy and RICO violations against Dr. Fleming as being time-barred." *Id.* at 2-3.

Plaintiffs responded on July 30, 2015, and appear to assert that their claims for conspiracy and RICO violations are not time-barred because Plaintiffs complied with the requirement imposed by the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), that their FTCA claims be "presented in writing to the appropriate Federal agency." Resp. 3-4 [126]. Plaintiffs also argue that the statutes of

limitation applicable to their claims for conspiracy and RICO violations should be equitably tolled. *Id*. at 6-9.

## II. DISCUSSION

A. Plaintiffs' Motion for Reconsideration [120]

Plaintiffs have not established that reconsideration of the Court's Memorandum Opinion and Order [115] dismissing Defendants Hawkins and Bordages Jr. is warranted pursuant to Rule 59(e). A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (citation omitted). Nor is a motion to reconsider "the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before" the Court has made a decision, and reconsideration of a decision already made "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

A plain reading of Plaintiff's Motion [120] reveals that Plaintiffs simply reurge the same evidence and arguments they previously offered in responding to the Court's February 27, 2015, Order [105] requiring Plaintiffs to show cause why their claims against Defendants Hawkins and Bordages Jr. should not be dismissed as time-barred. *Compare* Mot. for Reconsideration 2-3; 7-9, 11-12; 9-10 [120], *with* Mot. to Show Cause 9-10; 10-11; 1-6 [112]. Plaintiffs also contend that the Court misidentified the purportedly fraudulent documents which they contend prosecutors

4

used to convict Jessie Skinner, and misstated the date that evidence from Jessie Skinner's criminal trial was allegedly removed from the courthouse. Mot. for Reconsideration 5-6 [120]. Plaintiffs, however, do not show how these alleged misstatements were material to the Court's decision that Plaintiffs were precluded from relying upon the fraudulent concealment doctrine, and the Court finds that those facts, even if misstated, are insufficient to warrant reconsideration under Rule 59(e). *See, e.g.*, *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) ("Unless the court has misapprehended some material fact or point of law, [a Rule 59(e)] motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected."); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (3d ed. 1998) (noting that a Rule 59(e) motion to reconsider may bear merit where the movant demonstrates that "the motion is necessary to correct manifest errors of law or fact upon which the judgment is based"). At bottom, Plaintiffs' Motion for Reconsideration [120] is nothing more than a second effort sway the Court, and the Motion [120] will be denied.

B.     Plaintiffs' Response [126] to the Court's Order to Show Cause [122]

To the extent that Plaintiffs' Response to the Court's Order to Show Cause [122] is predicated upon their alleged compliance with the FTCA's notice provisions, the Response does not demonstrate sufficient cause because Plaintiffs do not advance a claim under the FTCA. "The FTCA is a limited waiver of sovereign

immunity, and the exclusive remedy for tort claims brought against the United States for money damages." *Doe v. United States*, 83 F. Supp. 2d 833, 836 (S.D. Tex. 2000) (citations omitted). The Complaint [1] specifically notes that this action is being brought as a "Bivens Action."[2] It does not name the United States as a party Defendant, is limited to asserting claims against law enforcement officers individually, and demands relief only against those individuals. Compl. i, iv, 1-6, 28 [1]. The Complaint [1] thus cannot be construed as intending to advance a claim against the United States under the FTCA. *See Carlson*, 446 U.S. at 19-20 (explaining that the FTCA offers a remedy for damages against the United States for intentional torts committed by federal officers while *Bivens* actions offer litigants the remedy of damages against individual officials for intentional torts). Even if the Complaint could be construed as asserting a FTCA claim, the Court would be without subject matter jurisdiction over such a claim because the record is silent as to whether Plaintiffs exhausted their available administrative remedies. *See Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996) (noting that before a federal district court will have subject matter jurisdiction over a claim under the FTCA, the plaintiff must fully exhaust his administrative remedies).

Plaintiffs' argument for application of the doctrine of equitable tolling is equally unavailing. Resp. 6-7 [126]. "To be entitled to equitable tolling, [one] 'must

---

[2] In *Bivens v. Six Unknown Federal Narcotics Agents*, the United States Supreme Court established that "the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980) (citing 403 U.S. 388, 396 (1971)).

show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). "Equitable tolling is to be applied sparingly." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citation and internal marks omitted). "[E]ven when equitable tolling is possible, '[t]he plaintiff has the burden to provide justification for equitable tolling.'" *Diaz v. United States*, 789 F. Supp. 2d 722, 730 (S.D. Miss. 2011) (quoting *Granger*, 636 F.3d at 712).

Plaintiffs have not met their burden of providing sufficient justification for applying equitable tolling. A party seeking to avail itself of the doctrine of equitable tolling "must establish both extraordinary circumstances and diligence." *Tsolainos v. Cain*, 540 F. App'x 394, 398 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2290 (2014). Plaintiffs offer only conclusory assertions that they were "forced to present their claims in writing by filing" Jesse Skinner's Motion to Vacate pursuant to 28 U.S.C. § 2255 and that the Health Insurance Portability and Accountability Act, Pub. L. No. 104-191, 110 Stat. 1936 ("HIPPA"), prevented "needed medical evidence . . . ." Resp. 6 [126]. Plaintiffs do not explain how the filing of Jesse Skinner's Motion to Vacate prevented them from filing a separate civil action to assert the claims they now advance in this case. Nor have Plaintiffs demonstrated that there is anything "extraordinary" about filing a motion to vacate or the HIPPA requirements they contend justify equitable tolling. Additionally, Plaintiffs point to

nothing in the record indicating that this case presents the "rare and exceptional circumstances" for which equitable tolling is reserved. Plaintiffs have not shown cause sufficient to prevent dismissal of their claims against Dr. Fleming on grounds that those claims are barred by the applicable statutes of limitation. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (citation omitted). Consequently, Plaintiffs' claims against Dr. Fleming are time-barred. Because Dr. Fleming is the last remaining Defendant in this case, the case will be dismissed.

## III. CONCLUSION

Based on the foregoing, the Court concludes that Plaintiffs' Motion for Reconsideration [120] should be denied. Additionally, Plaintiffs have not demonstrated cause sufficient to preclude dismissal of their claims against Dr. Fleming on grounds that those claims are barred by the applicable statutes of limitation, and this civil action should be dismissed.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration [120] is **DENIED**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Plaintiffs' claims for conspiracy and RICO violations against Defendant Roy Hugh Fleming are **DISMISSED** as being barred by the applicable statutes of limitation.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that this civil action is

**DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of August, 2015.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE